NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAVERA SKIN CARE NORTH AMERICA, INC., A Washington corporation; VICTOR TANG, an individual, Plaintiffs-Appellants, v. LAVERANA GMBH & CO. KG, a German limited partnership, Defendant-Appellee. | No. 15-35174 D.C. No. 2:13-cv-02311-RSM MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted July 13, 2017[**]
Seattle, Washington

Before:  TASHIMA, McKEOWN, and NGUYEN, Circuit Judges.

Lavera Skin Care North America, Inc. and Victor Tang appeal the district

court's dismissal of their suit against Laverana GMBH & Co., KG.  We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not clearly abuse its discretion by dismissing the suit on the basis of *forum non conveniens*. *Bos. Telecomm. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009). The parties dispute whether the forum-selection clause in the distribution contract, which states that "[t]he place of jurisdiction shall be Hanover, Germany," is controlling under *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013). We do not need to resolve this issue because if it is controlling, then the proper forum is Germany. If it is a permissive provision, nevertheless, the district court correctly found that Germany is the proper forum under the traditional *forum non conveniens* test. The result is the same either way.

The district court considered all the relevant private and public interest factors, including Lavera's Washington citizenship and Tang's Washington residency. *Bos. Telecomm. Grp., Inc.*, 588 F.3d at 1206. However, it concluded that the presumption in favor of the domestic plaintiffs' choice of forum was outweighed by several key factors, including: (1) the court's familiarity with the governing law, given that the operative distribution contract was written in German and governed by German law; (2) the relative convenience of the competing fora, given that Lavera's owner was a German citizen and spoke fluent German, while Laverana's principal representatives spoke only limited English; and (3) the

enforceability of the judgment, given that there were uncertainties as to the interpretation of the German-language jurisdictional clause under German law. The district court also found that all but one of the remaining factors were either neutral or slightly favored Germany.  Accordingly, it was not an abuse of discretion for the district court to conclude that the balance of the factors favored dismissal.  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142, 1148 (9th Cir. 2001).

**AFFIRMED.**